No. 74–29.  SYKES v. MARYLAND; and
No. 74–30.  FORNARO v. MARYLAND.  Crim. Ct. Baltimore City.  Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in Baltimore City District Court of showing unlicensed films in violation of the Maryland motion picture censorship statute, Md. Ann. Code, Art. 66A, §§ 1–26 (1970 and Supp. 1974), which requires that films be licensed before exhibition and forbids the licensing of obscene films.  Pursuant to § 6 (b) of the statute a film is "obscene" if, "when considered as a whole, its calculated purpose or dominant effect is substantially to arouse sexual desires, and if the probability of this effect is so great as to outweigh whatever other merits the film may possess."  The Criminal Court of Baltimore City affirmed both convictions, and the Maryland Court of Special Appeals and the Maryland Court of Appeals denied certiorari.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult*

*Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting).

It is clear that, tested by that constitutional standard, the Maryland motion picture censorship statute, as it defines "obscene" in § 6 (b), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), and because the judgments below were rendered after *Miller,* I would therefore reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).